IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

**PUERTO RICO LABOR RELATIONS BOARD
IN THE INTEREST OF THE CENTRAL
FEDERATION OF WORKERS
Plaintiff,**

v.                                                                                          CIVIL NO. 99-2174 (DRD)

**INELCO, S.E AND/OR WATPRO SERVICES
AND/OR GATE ENGINEERING CORPORATION,
Defendant.**

### OPINION AND ORDER

Pending before the Court is defendant Gate Engineering Corporation's ("defendant") Motion Submitting a Renewed Motion for Relief from Judgment Pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure (**Docket No. 32**). Plaintiff opposed the renewed motion and defendant replied on November 18, 2004 and November 30, 2004 (**Dockets Nos. 34 & 35**). For the reasons explained herein, defendant's request for relief is hereby **DENIED**.

### I. PROCEDURAL BACKGROUND

On March 26, 2003, the Court entered a judgment confirming Arbitration Award No. A-740-97 and ordering defendant to comply with its terms (Docket No. 19). The Court concluded that defendant's lack of notification and due process defense, had been waived when it failed to file suit to vacate the arbitration award within thirty (30) days after notification of the award. Defendant filed a motion on April 7, 2003, to alter or amend the judgment pursuant to Federal Rule of Civil Procedure 59 (e) (Docket No. 21). The Court denied the motion on May 22, 2003 (Docket No. 24). Thereafter, defendant filed a notice of appeal (Docket No. 25).

While the case was on appeal, defendant filed with this Court a motion for relief from judgment pursuant to Federal Rule of Civil Procedure 60 (b) (Docket No. 28). Defendant alleges that it was never notified by the arbitrator of the original hearing, that it is not a successor employer, and that the dismissed employees are not covered under the limited stipulation entered into between the successor corporation and the Central Federation of Workers ("union"). In support of its motion, defendant submitted copy of said Stipulation (Docket No. 28, Exhibit I). On September 2, 2004, defendant's request was denied by the District Court without prejudice because the case was on appeal, thus the Court lacked jurisdiction to entertain the motion (Docket No. 31).

The United States Circuit Court of Appeals for the First Circuit entered an order on October 15, 2004, retaining jurisdiction over the appeal but remanding this matter to the District Court to entertain whether to grant a renewed request for relief from judgment pursuant to Federal Rule of

Civil Procedure 60 (b) (Docket No. 36). Said order was originally entered on October 15, 2004, but was not received by the District Court until February 1, 2005.

On October 28, 2004, defendant renewed its request for relief (Docket No. 36). Plaintiff opposed the request for relief and defendant replied to the same. The Court held an evidentiary hearing on March 4, 2005 and ordered the parties to file a short brief on whether the Court should grant or deny the remedy requested (Docket No. 41). In compliance with said order, defendant and plaintiff filed briefs on March 24, 2005 and March 28, 2005, respectively.

### III. ANALYSIS

Plaintiff argues that defendant's lack of jurisdiction defense is time barred (Docket No. 34 & 44). Defendant alleges that the arbitrator lacked jurisdiction in this case because at the time the matter was submitted to arbitration there was no collective bargaining agreement between the union and defendant. Moreover, defendant further avers that since the subsequent stipulation signed by the union did not extend to the dismissed employees, the award is void. Defendant also stated that subject matter jurisdiction is not a waivable defense (Docket No. 35, pp. 5-7).

The United States Court of Appeals for the First Circuit has applied a thirty (30) day statute of limitations in cases where the arbitration's jurisdiction is challenged. International Association of Heat and Frost Insulators and Asbestos Workers, Local Union No. 6 v. Thermo-Guard Corporation, 880 F. Supp. 42, 47-48 (D. Mass., 1995) ("Accordingly, this court concludes that, under federal law, there is a thirty-day statute of limitations for challenges to the arbitrator's jurisdiction"). See also, Posadas de Puerto Rico Associates, Inc. v. Asociacion de Empleados de Casino de Puerto Rico, 873 F. 2d 479, 483 (1st Cir. 1989). In the case at bar, the Court found that defendant received notice of the arbitration award on either May 5, 1999 or June 18, 1999 (Docket No. 18, p. 3). Therefore, the thirty-day period statute of limitations expired on either May 5, 1999 or July 18, 1999. (Docket No. 24, p. 2). In light of the clear precepts set forth above, defendant's allegation that the arbitrator lacked subject matter jurisdiction is not well taken. Moreover, at the time the arbitrator entertained this matter and issued his award, a valid and enforceable collective bargaining agreement was in place. Thus, the allegation concerning the successorship issue is now time barred. The totality of the evidence herein shows that defendant chose not to challenge the arbitrator's award in the appropriate window of time. Lastly, defendant's allegation that the stipulation's restrictive language concerning the employees covered by the contract renders the award void is equally unpersuasive. In this regard, the "work" performed by the employees named in the Stipulation is what controls. To the arbitrator it may have appeared that the work of the employees who were object of the award belonged to the appropriate unit of employees, as that which comprises the employees named in the Stipulation.[1] Accordingly, the defenses raised by

---

[1] The District Court was originally concerned under Federal Rule of Civil Procedure 60(b) that the arbitration award be outside the four corners of the collective bargaining agreement ("award does not draws its essence from the collective bargaining agreement") United Steelworkers v. Enterprise Wheel and Car Corp., 363 U.S. 593, 599, 80 S.Ct. 1358 (1960); General Drivers, Warehousemen and Helpers, Local 89 v. Riss & Co., 372 U.S. 517, 519, 83 S,Ct, 789 (1963); Republic Steel Corp. v. Maddox, 379 U.S. 650, 85 S.Ct. 614 (1965). The stipulation seemed to have covered specifically named employees. However, "Exceptions to the non-renewability

defendant are time barred.

## IV. CONCLUSION

In light of the above, the Court finds that the Opinion and Order entered on March 26, 2003 must be left undisturbed. Hence, defendant's Motion Submitting a Renewed Motion for Relief from Judgment Pursuant to Rule 60 (b) of the Federal Rules of Civil Procedure and subsequent motions regarding this matter are **DENIED** (**Dockets Nos. 32, 35 & 43**).

**IT IS SO ORDERED.**
In San Juan, Puerto Rico this 25th day of May 2005.

                                                         S/ DANIEL R. DOMINGUEZ
                                                         DANIEL R. DOMÍNGUEZ
                                                         U.S. DISTRICT JUDGE

---

[to labor arbitration awards] are, therefore few and of most limited nature." Bettencourt v. Boston Edison Company, 560 F.2d 1045, 1049 (1st Cir. 1977). Certainly "just because a court would interpret the contract differently from the arbitrator does no provide a basis for overruling the arbitrator". Id., *citing* Enterprise Wheel, 363 U.S. at 599, 80 S.Ct. 1358. Appellant must show "for more than the case might have come the other way, or that there were gaps in the arbitrators reasoning." Bettencourt, 560 F.2d at 1049. An appellant must show that the award that the award is "unfounded in reason and fact" (citations omitted) ... "so palpably faulty that no judge, or group of judges, could ever conceivably have made such a ruling", (citations omitted) ... or is mistakenly based on a crucial assumption which is concededly a non-fact. Id. However, the award passes muster under the "narrow standard of review" set forth by the Supreme Court reiterated at W.R. Grace v. Rubber Workers Local 799, 461 U.S. 797, 764-765, 103 S.Ct 2177, 2182 (1983)("... a federal court may not overrule an arbitrator decision simply because the court believes in its own interpretation of the contract would be the better one ... the parties ... choose to have disputes concerning construction of the contract resolved by an arbitrator." *Citing* Enterprise Wheel and Car Corp., 363 U.S. at 596; *see also*, Boston University v. Boston University Chapter American Ass'n. of University Professors, 746 F.2d 924, 926 (1st Cir. 1984). In the instant case the award is not judged to be totally out of bounds as the arbitrator's reasoning is not "so palpably faulty that no judge or group of judges could ever conceivably have made such a ruling." The arbitrator could have reasonably interpreted that the unit was not composed of merely the named employees but inherently including the work performed by the employees; hence a person not mentioned in the stipulation would potentially be covered by it should that affected employee be performing the work of one of the named persons in the stipulation.